**COUGHLIN DUFFY LLP**
Adam M. Smith (AS8124)
Michael J. Aiello (MA7828)
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962-1917
(973) 267-0058
*Attorneys for Plaintiff, Zurich American Insurance Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>EVEREST NATIONAL INSURANCE COMPANY and DMJ INDUSTRIAL SERVICES LLC<br><br>Defendants, | DOCKET NO:<br><br>Civil Action<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>*Document Filed Electronically* |

Plaintiff, Zurich American Insurance Company ("Zurich"), by way of Complaint for Declaratory Judgment against defendants, Everest National Insurance Company ("Everest") and DMJ Industrial Services LLC ("DMJ"), alleges as follows:

### NATURE OF THE ACTION

1. This declaratory judgment action arises from the personal injury action entitled *Timothy Mahoney vs. Union Paving and Construction Company, et al.*, Docket No. HUD-L-433-17 (the "Underlying Action").

2. Zurich issued Commercial General Liability Policy Number GLO 3866246-10 to Union Paving and Construction ("Union"), for the period April 1, 2015 to April 1, 2016 (the

"Zurich Policy"), and is currently providing the defense for Union in the Underlying Action under the Zurich Policy.

3. Everest issued Commercial General Liability Policy Number CF4GL00587-151 to DMJ, for the period September 8, 2015 to September 8, 2016 (the "Everest Policy").

4. Union and DMJ entered a Subcontract dated April 2, 2015, (the "Subcontract") which provides that DMJ would procure Commercial General Liability Insurance naming Union as an additional insured.

5. Zurich has repeatedly tendered Union's defense and indemnity for the Underlying Action to Everest on the ground that Union qualifies as an additional insured under the Everest Policy.

6. Although Everest has acknowledged that Union qualifies as an additional insured under the Everest Policy, it has refused to defend Union on a primary, non-contributory basis in accordance with its policy language.

7. In this action, Zurich seeks a declaration that Everest has a duty to defend and indemnify Union in the Underlying Action on a primary, non-contributory basis, under the Everest Policy.

## PARTIES

8. Zurich is a New York corporation, engaged in the insurance business, with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007, and a principal place of business in Illinois.

9. Everest is a New Jersey corporation with a principal place of business in New Jersey.

2

10. DMJ is a New Jersey limited liability company with a principal place of business in New Jersey.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, §2201 and §2202 because: (i) there is an actual controversy between the parties; (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) the matter is between citizens of different states.

12. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events giving rise to the claim occurred in this district.

## THE UNDERLYING ACTION

13. On or about January 26, 2017, Timothy Mahoney ("Mahoney") filed the Underlying Action against Union. A copy of the Complaint in the Underlying Action is attached hereto as Exhibit A.

14. Mahoney alleges that he was injured on January 15, 2016, while working as an iron worker employed by DMJ on the Bayonne Bridge/Turnpike Extension.

15. Mahoney alleges that a caisson, approximately twenty-five long and five feet in diameter, began to roll, striking Mahoney as he attempted to avoid the structure.

16. The Complaint asserts a cause of action against Union for negligence, alleging, among other things, failure to exercise due care for the safety of Mahoney.

## THE SUBCONTRACT

17. The insurance provision of the Subcontract set forth as follows:

### INSURANCE

12.1 **SUBCONTRACTOR'S INSURANCE.** Prior to the start of Subcontractor's Work, the Subcontractor shall procure and maintain in force until final completion and acceptance of the Prime Contract by the Owner, Worker's

3

Compensation Insurance, Employer's Liability Insurance, Comprehensive or Commercial General Liability Insurance on an occurrence basis, pollution or professional coverage when required, professional on occurrence or claims made basis, and all insurance required of the Contractor under the Prime Contract. The Contractor, Owner and other parties as designated in the Prime Contract shall be named as additional insured on each of these policies.

18. Based on the insurance provision to the Subcontract, Union was to be an additional insured under the Everest Policy issued to DMJ.

## THE EVEREST POLICY

19. Everest issued the Everest Policy to DMJ for the policy period September 8, 2015 to September 8, 2016, with liability limits of $2,000,000 per occurrence and $4,000,000 in the aggregate.

20. The Everest Policy includes the following Additional Insured Provision:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. **Section II-Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury caused in whole or in part, by

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured.

21. The Everest Policy includes a Primary and Noncontributory – Other Insurance Condition endorsement which modifies the Other Insurance Condition as follows:

**PRIMARY AND NONCONTRIBUTORY –**

## OTHER INSURANCE CONDITION

The following is added to the **Other Insurance** Condition and supersedes any provision to the contrary:

**Primary and Noncontributory Insurance**

This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:

**(1)** The additional insured is a Named Insured under such other insurance; and
**(2)** You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

## **CLAIMS CORRESPONDENCE**

22. By email dated May 12, 2017, Zurich tendered defense and indemnity of Union to Everest.

23. By letter dated March 8, 2018, Sedgwick Claims Management ("Sedgwick"), on behalf of Everest, accepted Zurich's tender of defense pursuant to a reservation of rights, stating that Everest's indemnification of Union would extend only to the negligent acts or omissions of DMJ and not to those of Union. The letter further stated Everest was "open to discussing settlement options with under a scenario where Everest and Zurich join forces to enter into and ultimately fund settlement in this matter."

24. By email dated June 21, 2018, Zurich requested Everest reconsider its position and agree to defend Union in the Underlying Action without reservation and requesting Zurich's contribution to any settlement.

25. By letter dated June 25, 2018, Sedgwick, on behalf of Everest reiterated their accepted Zurich's tender of defense pursuant to a reservation of rights.

26. By email dated July 12, 2018, Zurich requested Everest re-review their position and fully accept Zurich's tender without reservation. Everest never responded to Zurich's July 12, 2018 email.

## COUNT ONE DECALARATORY JUDGMENT: EVEREST HAS A DUTY TO DEFEND UNION

27. Zurich repeats and re-alleges each and every allegation in Paragraphs 1 through 23 as if fully set forth herein.

28. Under the terms of the Everest Policy, Everest has an obligation to defend Union as additional insureds in the Underlying Action on a primary, non-contributory basis.

29. To date, Everest has failed to acknowledge its obligation to defend Union in the Underlying Action.

30. An actual case or controversy exists between Zurich and Everest concerning Union's entitlement to a defense for the Underlying Action under the Everest Policy.

31. A resolution of this dispute is necessary to resolve Everest's duty to defend Union in the Underlying Action and to reimburse Zurich for fees and expenses, which it has expended on Union's defense.

32. Therefore, Zurich seeks a judicial determination and declaration that Everest is obligated to defend Union in the Underlying Action on a primary, non-contributory basis.

## COUNT TWO DECALARATORY JUDGMENT: EVEREST HAS A DUTY TO INDEMNIFY UNION

33. Zurich repeats and re-alleges each and every allegation in Paragraphs 1 through 29 as if fully set forth herein.

34. Under the terms of the Everest Policy, Everest has an obligation to indemnify Union as additional insureds in the Underlying Action on a primary, non-contributory basis.

35. To date, Everest has failed to acknowledge its obligation to indemnify Union in the Underlying Action.

36. An actual case or controversy exists between Zurich and Everest concerning Union's entitlement to indemnity for the Underlying Action under the Everest Policy.

37. A resolution of this dispute is necessary to resolve Everest's duty to Union in the Underlying Action.

## COUNT THREE EQUITABLE SUBROGATION

38. Zurich repeats and re-alleges each and every allegation in Paragraphs 1 through 35 as if fully set forth herein.

39. Zurich has paid all of Union's defense costs in the Underlying Action.

40. Everest wrongfully failed to provide Union with a defense in the Underlying Action.

41. Everest's failure to provide a defense to Union on a primary, non-contributory basis in the Underlying Action is in violation of the terms of the Everest Policy.

42. As a direct and proximate result of Everest's failure to provide a defense in violation of its obligations set forth in the Everest Policy, Zurich has incurred considerable defense costs on behalf of Union.

43. An actual and justiciable controversy exists between Zurich and Everest regarding Everest's obligation to reimburse Zurich for the defense costs incurred on behalf of Union in the Underlying Action.

44. Accordingly, the Court should award to Zurich, and order Everest to pay, all amounts that Zurich has incurred, or will incur, in the defense of Union in the Underlying Action, from the date of initial tender to the present, plus interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Zurich respectfully requests that the Court enter a judgment:

1. On the first cause of action, declaring Everest must defend Union in the Underlying Action as insureds on a primary, non-contributory basis.

2. On the second cause of action, declaring Everest must indemnify Union in the Underlying Action as insureds on a primary, non-contributory basis.

3. On the third cause of action, awarding Zurich money damages against Everest for all defense costs incurred by Zurich in the defense Union in the Underlying Action, plus interest.

4. For such other and further relief as the Court deems just and proper.

                        COUGHLIN DUFFY LLP

By:   */s/ Adam M. Smith*
       Adam M. Smith, Esq.
       Michael J. Aiello, Esq.
       350 Mount Kemble Avenue
       P.O. Box 1917
       Morristown, New Jersey 07962-1917
       *Attorneys for Plaintiffs,*
       *Zurich American Insurance Company*

Dated: November 16, 2018

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ZURICH AMERICAN INSURANCE COMPANY

### DEFENDANTS
EVEREST NATIONAL INSURANCE COMPANY and DMJ INDUSTRIAL SERVICES LLC

**(b)** County of Residence of First Listed Plaintiff: Cook County (IL)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Somerset County (NJ)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Coughlin Duffy
350 Mount Kemble Ave. Morristown, NJ 07962 (973) 267-0058

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C Sections 132, 2201-2
Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: Joseph V Isabella
DOCKET NUMBER: HUD-L-433-17

DATE: 11/16/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Adam Smith

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____